**Essic FAIL, Petitioner–Appellant,**

v.

**Suzanne HUBBARD, Warden, Respondent–Appellee.**

No. 99–15548.

United States Court of Appeals, Ninth Circuit.

Submission Deferred Feb. 16, 2001.

Resubmitted for Decision July 10, 2001.

Filed Dec. 3, 2001.

Amended Dec. 16, 2002.

Evid. 412(c)(2). The full names of the parties involved are not revealed in this opinion.

Matthew C. Bradford, Downey, Brand, Seymour & Rohwer, LLP, Sacramento, CA, for the petitioner-appellant.

Gregory A. Ott, Office of the California Attorney General, San Francisco, CA, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, WALLACE, and TALLMAN, Circuit Judges.

Opinion by Chief Judge SCHROEDER; Concurrence by Judge WALLACE.

## AMENDED OPINION

SCHROEDER, Chief Judge:

Essie Fail appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Although we deferred submission pending the Supreme Court's decision in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), the Supreme Court did not deal directly with the issue this case now presents. That issue is whether the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), *see* 28 U.S.C. § 2244(d)(1), may be equitably tolled during the period between the date of the filing of an entirely unexhausted petition and the date of its dismissal by the district court without prejudice after the statute of limitations has run.

The Supreme Court in *Duncan* resolved a split among the circuits about whether AEDPA itself statutorily tolls the statute of limitations during the pendency of federal as well as state proceedings. *See Duncan*, 121 S.Ct. at 2124. The statutory language the Court interpreted, 28 U.S.C. § 2244(d)(2), reads:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court held that § 2244(d)(2) provides only for tolling during the pendency of state post-conviction proceedings, not federal. *See id.* at 2129. The concurrence of Justice Stevens, joined by Justice Souter, was essentially conditioned on the understanding that the Court's holding did not preclude tolling on equitable grounds for the class of petitioners Congress "simply overlooked." *Id.* at 2130 (Stevens, J., concurring). Justice Stevens described that class as "petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Id.*

The following time line in this case demonstrates that Fail falls squarely within the class of petitioners that Justice Stevens described:

4–24–96: AEDPA's one-year statute of limitations begins to run

8–9–96: Fail files his first 28 U.S.C. § 2254 petition (Petition No. 1), raising 5 claims for relief

10–25–96: District court dismisses with leave to amend (noting that the petition "appears" to contain unexhausted claims)

11–22–96: Fail amends Petition No. 1, abandoning 3 clearly unexhausted claims

12–12–96: District court issues Order to Show Cause why the petition should not be granted

4–11–97: State responds to OSC after two continuances (vacation and other cases cited as reasons) and states that two remaining claims still unexhausted

4–24–97: AEDPA one-year statute of limitations expires

7–28–97: Fail's Petition No. 1 dismissed without prejudice for failure to exhaust (356 days after initial filing)

Following the district court's dismissal of Petition No. 1 in July, 1997, Fail returned to California's state courts to exhaust his claims. He filed a habeas petition in a California trial court on December 22, 1997, appealed its denial to the Court of Appeal, and then pursued habeas relief in the California Supreme Court. On October 28, 1998, the California Supreme Court denied Fail's habeas petition. Fifteen days later, Fail returned to federal court and filed a new habeas petition (Petition No. 2), which the district court sua sponte dismissed as time-barred. Fail now appeals that dismissal, and we granted a certificate of appealability limited to the issue of timeliness.

Fail argues that equitable tolling rescues Petition No. 2. He contends that if AEDPA's statute of limitations is equitably tolled to account for the entire period of time when Petition No. 1 awaited adjudication in the district court, the one-year clock stopped on August 9, 1996 after 107 days had elapsed, and restarted on July 28, 1997 with 258 days remaining. *See, e.g., Nino v. Galaza,* 183 F.3d 1003, 1006–07 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). Including tolling for the pendency of Fail's subsequent state habeas petitions

pursuant to 28 U.S.C. § 2244(d)(2), the one-year clock stopped again on December 22, 1997, and restarted on November 28, 1998, with 111 days remaining. *See Artuz v. Bennett,* 531 U.S. 4, 8–10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (defining "properly filed" state petition); *Nino,* 183 F.3d at 1006–07; *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (holding that California Supreme Court's denial of habeas petition becomes final thirty days after filing). With the combined benefit of equitable and statutory tolling, Fail argues, Petition No. 2 is timely.

No circuit has conclusively decided whether AEDPA's one-year statute of limitations is subject to equitable tolling to account for the period when a timely filed but completely unexhausted federal habeas petition waits for a ruling from the district court. The First Circuit has concluded that equitable tolling might be available when the earlier § 2254 petition is dismissed as mixed under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), but took no position on the issue and remanded for the district court to develop the record and consider the issue in light of *Duncan. See Neverson v. Bissonnette,* 261 F.3d 120, 127 (1st Cir. 2001). At least two other circuits have denied equitable tolling sought by petitioners whose earlier § 2254 petitions were dismissed for failure to exhaust, but on facts different from those presented here. *See Grooms v. Johnson,* 208 F.3d 488, 489–90 (5th Cir.1999) (per curiam) (denying equitable tolling because petitioner never tried to exhaust his claims in state court after the district court dismissed his first § 2254 petition without prejudice); *Jones v. Morton,* 195 F.3d 153, 159–60 (3d Cir. 1999) (same).

 In this circuit, equitable tolling is warranted only by extraordinary circumstances beyond the petitioner's control which made it impossible to file a timely

federal habeas petition. *See Frye v. Hickman,* 258 F.3d 1036, 1038 (9th Cir.2001); *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999).

■ The state contends that the delay in the district court should not be considered an extraordinary circumstance. We do not reach that question because the delay in this case was not beyond Fail's control. By continuing to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court, Fail was the cause of the delay that ultimately made his second petition untimely. This is not to say that a petitioner can never demonstrate that district court delay—including delay in dealing with an earlier petition that is ultimately dismissed for failure to exhaust—may constitute an "extraordinary circumstance" as that determination is "highly fact-dependent." *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).

Without the benefit of equitable tolling to account for Petition No. 1, AEDPA's one-year statute of limitations ran well before Fail returned to state court to exhaust his claims. The district court's dismissal of Fail's Petition No. 2 is therefore

AFFIRMED.

WALLACE, Circuit Judge, concurring:

I concur in the result reached by the majority but write separately because there is no reason to reach out to decide whether AEDPA's one year statute of limitations may be equitably tolled while a timely filed but unexhausted federal habeas petition waits for a ruling from the district court. In this case, it would be so tolled anyway and there is thus no reason to decide if equitable tolling is avoidable.