**Anthony Ray EVANS, Petitioner–Appellant,**

v.

**Roy A. CASTRO, Warden, et al., Respondents–Appellees.**

No. 01–55348.

D.C. No. CV–00–04175–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Anthony Ray Evans appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

In reviewing the district court's decision to dismiss Evans' § 2254 petition *de novo, see Lott v. Mueller,* 304 F.3d 918, 922 (9th Cir.2002), we have considered petitioner's pro se brief as well as the brief filed by counsel.

Evans did not file this habeas petition until after the one-year statute of limitations imposed by AEDPA had expired, therefore it is untimely unless saved by statutory or equitable tolling. *See Jorss v. Gomez,* 311 F.3d 1189, 1192 (9th Cir.2002) (stating that a petition is timely, "even if filed after the one-year time period has expired, when statutory or equitable tolling applies").

The district court correctly concluded that statutory tolling does not apply because Evans did not file his first state habeas petition until after the limitations period had run. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval.").

The district court also correctly concluded that Evans does not merit equitable tolling on account of his alleged mental condition, or because his state trial counsel did not file a direct appeal on his behalf. *See Fail v. Hubbard,* 315 F.3d 1059, —— (9th Cir.2002) (holding that equitable tolling was unwarranted because "the delay in this case was not beyond Fail's control"); *see also Lott v. Mueller,* 304 F.3d at 922 (stating that "equitable tolling ... is available only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (citation and quotations omitted).

**AFFIRMED.**[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The motion to withdraw as counsel of record pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

filed by Jay L. Chavkin, counsel for appellant, is **DENIED**. Appellant's motion for appointment of new counsel, filed on December 13, 2001, is **DENIED**.

