James Edward SMITH, Petitioner–Appellant,

v.

J.M. RATELLE; B. Kathleen Blanchard, Respondents–Appellees.

No. 99–55824.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2000.

Submission Vacated Dec. 18, 2000.

Resubmitted March 20, 2003.

Filed March 26, 2003.

814

Maria E. Stratton, Federal Public Defender, and Mark R. Drozdowski, Deputy Federal Public Defender, Los Angeles, CA, for the petitioner.

Bill Lockyer, Attorney General of California, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, William T. Harter, Supervising Deputy Attorney General, and Theresa A. Cochrane, Deputy Attorney General, Los Angeles, CA, for the respondent.

Before: BROWNING, PREGERSON, and BEEZER, Circuit Judges.

Opinion by Judge JAMES R. BROWNING; Dissent by Judge BEEZER.

JAMES R. BROWNING, Circuit Judge.

California state prisoner James E. Smith appeals the dismissal of his habeas corpus petition as barred by the one-year statute of limitations of the Anti Terrorism and Effective Death Penalty Act (AEDPA). We hold that Smith is entitled to equitable tolling because the district court erroneously dismissed his earlier, timely habeas petition without first giving him an opportunity to file an amended petition as an alternative to dismissal. We therefore reverse and remand.

### I.

Smith was convicted of first degree burglary and sentenced to 22 years in prison. His conviction was affirmed on direct appeal, and the California Supreme Court denied review on November 2, 1994.

On March 7, 1996, Smith filed a *pro se* habeas corpus petition in federal district court. The petition contained seven claims, only two of which had been presented to the state courts on direct appeal. Shortly after AEDPA was signed into law on April 24, 1996, the district court dis-

missed this first petition for failure to exhaust state remedies. The court told Smith that he could either submit a new petition after judgment that omitted the unexhausted claim, or exhaust his state remedies and file a new, fully-exhausted petition in federal court. Smith returned to state court to exhaust the claims that the district court had found unexhausted.

Smith returned to federal court on February 4, 1997, by filing a photocopy of his original handwritten habeas petition. The district court properly gave Smith several opportunities to amend his petitions for clarity and to supplement his claims, but denied his request for appointed counsel. The state filed a motion to dismiss, arguing again that Smith had failed to exhaust certain claims. Smith opposed this motion.

■ On November 3, 1997, the district court adopted the magistrate's report and recommendation and dismissed Smith's second petition without prejudice because a claim of juror misconduct remained unexhausted.[1] The court again told Smith that after dismissal he could file a new petition that withdrew the unexhausted claim or return to state court and exhaust that claim. However, AEDPA's one-year limitations period had expired on August 13, 1997, while the state's motion to dismiss was pending,[2] and the district court

---

**1.** Contrary to the dissent's assertion that Smith *chose* to press a mixed second petition with awareness of the consequences, Smith had attempted to exhaust the juror misconduct claim through the following passage in his state habeas petition:

> Ground Four:—Challenge the jurors for cause; attorney-client, court procedures. (Not for a "layman". *Myself!*)
> At the beginning of court's proceeding, one juror misconduct excused her. (Rt.1) Another misconduct, juror # 1 talks to "bailiff" sotto voice. No objections, then at the end of trial—in polling the jurors, again juror # 1 misconduct—by not been in "certituded, or inconsistent with the conviction."

(Sic.) In his opposition to the state's motion to dismiss, Smith explained that he had tried to

exhaust his juror misconduct claim through this language and pleaded for the court's understanding. The district court held that Smith had not fairly presented this claim because the language quoted above was indecipherable. In other briefs and affidavits, Smith explained that his difficulty in presenting his case was attributable to his lack of education and illiteracy.

**2.** Under AEDPA's one-year grace period, Smith had until April 24, 1997 (9th Cir.2002); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001). Smith was entitled to statutory tolling from July 5, 1996, the date he mailed his state habeas petition, until October 24, 1996, thirty days after the California Supreme Court denied his petition. *See Allen v. Lewis*, 295 F.3d 1046 (9th Cir.2002) (en banc); *Hui-*

did not to file a federal habeas petition. *See Ford v. Hubbard*, 305 F.3d 875, 882 tell Smith that he could withdraw his unexhausted claim as an alternative to dismissal. The court immediately entered final judgment.

Following the court's suggestion, Smith returned to state court to exhaust his one unexhausted claim.[3] The California Supreme Court denied his petition on April 29, 1998. Smith filed a third, fully-exhausted federal petition on July 17, 1998, reasserting each of his earlier claims. The state again moved to dismiss, this time on the ground that this final petition was barred by the statute of limitations. The district court held that this petition was untimely and dismissed it with prejudice.

■ The district court granted a certificate of appealability on the question of whether Smith's petition "related back" to the filing date of his first petition. We granted a motion to expand the COA to include the issue of whether Smith was entitled to equitable tolling,[4] and we requested supplemental briefing on the effect of *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). We review the district court's order dismissing the petition *de novo*. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

## II.

Under 28 U.S.C. § 2254(b)(1), a habeas petitioner may not obtain relief on a "mixed" petition that contains both exhausted and unexhausted claims. In *Rose*

*v. Lundy*, 455 U.S. 509, 520–21, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), however, the Supreme Court recognized that a petitioner had several options to avoid a procedural default: first, he could amend the petition to drop the unexhausted claims and then obtain a decision on the merits of his remaining, exhausted claims; second, he could withdraw his petition, return to state court to exhaust his unexhausted claims, and then file a new habeas petition with fully-exhausted claims.

The *Lundy* opinion "contemplated that the prisoner could return to federal court after the required exhaustion." *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). However, under AEDPA's new statute of limitations, 28 U.S.C. § 2244(d)(1), a state prisoner generally must file his habeas petition within one year after his state conviction became final. As we explained in *Anthony v. Cambra*, 236 F.3d 568 (9th Cir.2000), this limitations period may effectively bar a petitioner from exercising his options under *Lundy*:

> Prior to the advent of AEDPA, dismissal without prejudice to the filing of a new, exhausted petition caused no detriment to the petitioner, because there was no time limitation on the filing of a federal habeas petition. AEDPA's one-year statute of limitations, however, has rendered outright dismissal perilous to some litigants, because petitioners such as Anthony may find themselves time-

---

zar *v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

**3.** Smith mailed his final state habeas petition on December 17, 1997. For reasons that are not clear from the record, the state court did not accept that copy for filing. Smith then mailed another copy on January 5, 1998, which was filed on January 7, 1998.

**4.** The state argues that Smith waived his equitable tolling argument by failing to raise it below. Even if Smith did not raise the issue below, the state did not object to the court's expanding the certificate of appealability. Now that the equitable tolling issue has been fully briefed on appeal, we may not review the merits of the COA expansion ruling. *See Gatlin v. Madding*, 189 F.3d 882, 887 (9th Cir. 1999).

barred when they attempt to resubmit their claims to the district court.

*Id.* at 573. *See also James v. Pliler,* 269 F.3d 1124, 1126 (9th Cir.2001) ("To dismiss a petition for curable deficiencies may, therefore, preclude a petitioner from obtaining federal habeas review altogether, even where the dismissal was without prejudice.").

### A.

■ The district court was apparently unaware of the hazards posed by AEDPA's statute of limitations. Smith's second petition was timely, but contained one unexhausted claim. Operating under the pre-AEDPA interpretation of *Lundy,* the district court's order suggested that dismissal was only a minor procedural setback:

> Following dismissal, petitioner will have the option of: (1) submitting to this court a new habeas petition that does not contain any unexhausted claims *(which would risk forfeiture of these claims under Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts);* or (2) exhausting his state remedies and then submitting to this court a petition which contains all of the claims raised in the present proceeding.

(Emphasis in original). Because the limitations period had expired before dismissal, however, it was impossible (absent equitable tolling) for Smith to file another timely petition. The district court's order presented Smith with a Hobson's choice—if he followed either suggested option, he would face an inevitable procedural de-

fault.[5] Not having been advised of this, Smith dutifully returned to state court to exhaust his sole unexhausted claim. When he returned to federal court with a completely-exhausted petition, he belatedly discovered that all of his claims were now time-barred.

This unfortunate predicament was entirely avoidable. Because the statute of limitations may prevent a petitioner from submitting a new petition under *Lundy,* we have long held that district courts must allow petitioners to amend their mixed petitions and withdraw their unexhausted claims as an alternative to suffering dismissal. *See Anthony,* 236 F.3d at 572. Moreover, in light of the severe consequences of a dismissal under AEDPA, the complexity of habeas law, and our preference for decisions on the merits, we have recognized that district courts must take special care to advise *pro se* habeas petitioners of their right to strike unexhausted claims. *See Ford,* 305 F.3d at 883–84; *James,* 269 F.3d at 1126; *Tillema v. Long,* 253 F.3d 494, 503 (9th Cir.2001).

The district court erred by summarily dismissing Smith's second habeas petition and entering final judgment without first giving him an informed opportunity to withdraw his one unexhausted claim before dismissal. Although the court told Smith that he could withdraw his unexhausted claim through a new petition *after* dismissal and final judgment, this option was illusory: because the limitations period had already expired, any new petition would have been untimely. Smith unwittingly faced the same dilemma as the petitioner

---

**5.** Because the limitations period had already expired, a fully-exhausted petition would have been untimely even if Smith had filed it the same day as the dismissal. Consequently, the dismissal barred Smith from amending his petition to withdraw the unexhausted claims. *See Anthony,* 236 F.3d at 572–74 (noting that

the petitioner's new petition that withdrew the unexhausted claim was untimely because it was filed shortly after dismissal and outside of the limitations period, but affirming the district court's equitable power to correct its error by accepting the new petition nunc pro tunc).

in *James v. Giles*, 221 F.3d 1074 (9th Cir.2000):

> We have long held that a federal habeas petition has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal. James unquestionably had a right to amend his petition to delete his three unexhausted claims. But he never had an informed opportunity to do so. By dismissing James' petition without leave to amend at the same time that it explained why it was doing so, the district court failed to provide James with notice of his petition's deficiencies in time for him to seek leave to amend.

*Id.* at 1077 (citations omitted). Had Smith been given an accurate explanation of his options—either to withdraw the one unexhausted claim before dismissal or to forfeit any opportunity for federal habeas review—he could have salvaged his six properly-exhausted claims. *See Ford*, 305 F.3d at 885–86 ("the district court, when informing a habeas petitioner of his options with respect to a mixed petition, should alert the petitioner to the one-year limitations period of AEDPA and to the fact that a portion of that period has already elapsed.") (quotations and citation omitted); *Anthony*, 236 F.3d at 574 ("This court has made clear that district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an *alternative* to suffering dismissal.") (emphasis added). Because the district court did not inform Smith about his opportunity to withdraw his one unexhausted claim as an alternative to dismissal, Smith lost the only opportunity to have his six other claims considered on their merits.

Further, the district court's dismissal prevented Smith from obtaining the benefit of a related procedure, the withdrawal-and-abeyance procedure. We have held that a "district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit [p]etitioner to exhaust those claims and then add them by amendment to his stayed federal petition." *Kelly v. Small*, 300 F.3d 1159 (9th Cir.2002), *as amended*, 315 F.3d 1063, 1070 (9th Cir. 2003). *See also Anthony*, 236 F.3d at 575 ("Our precedent unequivocally authorizes district courts to stay fully exhausted federal petitions pending exhaustion of other claims."). This withdrawal-and-abeyance procedure "is essentially a variant on the principle that a district court must allow a petitioner to amend a mixed petition to strike unexhausted claims[.]" *Hasan v. Galaza*, 254 F.3d 1150, 1152 n. 2 (9th Cir. 2001). Although this procedure is discretionary, the "exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA]." *Kelly*, 315 F.3d at 1070.[6] Indeed, the Second Circuit has held that in such circumstances a stay may be the only appropriate action, *Zarvela*, 254 F.3d at 382–83, and this Court noted the failure to exercise such discretion "would likely constitute error." *Ford*, 305 F.3d at 884. *See also Kelly*, 315 F.3d at 1070 ("we join the growing consensus in recognizing the clear appropriateness of a stay when valid claims would otherwise be forfeited.") (quotations and citation omitted). Had the district court applied the withdrawal-and abeyance procedure, it could have considered each of Smith's seven claims on their

---

**6.** If the district court permits the withdrawal-and-abeyance procedure, it may prevent undue delays by conditioning the stay on prompt exhaustion of the remaining claims in state court. *See Zarvela v. Artuz*, 254 F.3d 374, 380–82 (2d Cir.2001).

merits after complete exhaustion. But because the court failed to consider this procedure, Smith did not have an informed opportunity to withdraw his unexhausted claim and request abeyance.

## B.

■ Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time." *Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc). However, we have recognized that a district court's erroneous dismissal of a mixed habeas petition is sufficiently extraordinary to justify equitable tolling. *See Ford,* 305 F.3d at 889 n. 14 ("The district court's error in failing properly and fully to inform Ford about his options with respect to the mixed petitions and in misleading him as to the legal effect of a dismissal of his petitions were 'extraordinary circumstances' ... that would require equitable tolling of AEDPA's statute of limitations."); *Tillema,* 253 F.3d at 504 ("had the district court followed the law, *i.e., Rose v. Lundy,* Tillema would have been permitted to proceed with all but one of his claims; because the district court erred, Tillema lost all opportunity for federal review of all of his claims"); *see also Corjasso v. Ayers,* 278 F.3d 874 (9th Cir. 2002) (holding that the district court's erroneous dismissal of a *pro se* petition justified equitable tolling).

■ Smith's second federal petition was timely. If the district court had allowed Smith to withdraw his unexhausted claim as an alternative to dismissal, it could have either considered his six exhausted claims on their merits immediately or held his petition in abeyance and considered all seven claims after exhaustion of the one remaining claim. Because the district court instead summarily dismissed this petition and provided a misleading explanation of Smith's options to avoid a procedural default, Smith lost the opportunity for federal habeas review—even for the six claims that had been properly exhausted.[7] Because Smith is entitled to the benefit of equitable tolling, his third habeas petition is timely.

## III.

We REVERSE the district court's dismissal of Smith's third petition as untimely, and REMAND for further consideration on the merits.

BEEZER, Circuit Judge, dissenting:

The district court improperly dismissed petitioner's second federal habeas petition without offering him an opportunity to amend the petition. This error did not cause petitioner to file his third habeas petition after AEDPA's statute of limitations had run. It was petitioner's own doing that caused the late filing.

7. *Fail v. Hubbard,* 315 F.3d 1059 (9th Cir. 2002), is distinguishable, despite the dissent's assertion that it represents a "similar situation." *Fail* decided whether AEDPA's one-year statute of limitations may be "equitable tolled during the period between the date of the filing of an *entirely unexhausted petition* and the date of its dismissal by the district court without prejudice after the statute of limitations has run." *Id.* at 1060. In this case, Smith attempted to exhaust all seven of his claims before filing his second petition, as explained in footnote 1, *infra,* and, at the very least, exhausted six out of seven of his claims pressed in his second petition. Because the *Fail* case concerned a wholly unexhausted petition purportedly made untimely due to the court's delay, it did not weigh all of the considerations attending an erroneous dismissal of a mixed petition. The fact of a *mixed* petition requires considering the body of law concerning dismissal of mixed petitions, and reflects the diligence of the petitioner. *Fail* is factually and legally distinct.

Petitioner is not entitled to equitable tolling. The opinion of the Ninth Circuit filed today refuses to apply clearly established principles announced by the Supreme Court.

I would affirm the district court.

## I

A federal habeas petitioner is required to fully exhaust the claims supporting the federal petition in state court before a federal district court can potentially grant the petition.[1] 28 U.S.C. § 2254(b)(1)(A). Prisoners may fail to present a fully exhausted federal habeas petition on their first attempt, necessitating a return to state court. *See Sandgathe v. Maass,* 314 F.3d 371, 376 (9th Cir.2002).

Prisoner James Edward Smith ("Smith") made three attempts to file a fully exhausted petition over a two and a half year period. Five of the seven claims in Smith's first federal petition were unexhausted. The district court dismissed this first federal petition and specifically advised Smith which claims he needed to present to the California Supreme Court. Smith exhausted only four of the five unexhausted claims and resubmitted all five previously unexhausted claims in a second federal petition.

The district court dismissed Smith's second federal petition for failure to exhaust one of his claims. Smith returned to state court to exhaust the remaining unexhausted claim. Eleven months after the AEDPA statute of limitations ran, Smith filed a third federal habeas petition.[2] The district court rejected Smith's argument that the filing date of the third federal petition for tolling purposes related back to the date of filing the first or second federal petition.

The district court dismissed the third petition as time-barred. Smith appealed the dismissal of his third federal petition, and his appeal is now before us.

## II

Smith argues that he is entitled to equitable tolling because the district court erroneously dismissed his mixed second petition without allowing Smith to strike the unexhausted claim. The opinion of the court agrees and holds that the district court's improper dismissal of Smith's second federal petition caused the untimely filing of his third federal petition. I disagree.

## A

AEDPA imposes a one-year statute of limitations on the filing of all habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1). This rule "serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker,* 533 U.S. 167, 179, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). We are required to enforce AEDPA's statute of limitations absent some legitimate reason to do otherwise.

Equitable tolling may be considered under limited circumstances. Equitable tolling is permitted only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citation omitted). Equitable tolling is applied "sparingly," *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89,

---

1. A district court has the option of denying a petition containing unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2).

2. The statute of limitations expired on August 13, 1997.

96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and requires surmounting a "high hurdle." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997) *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998). Equitable tolling "will not be available in most cases." *Beeler*, 128 F.3d at 1288. Equitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a petitioner's lack of diligence, accounted for the failure to file a timely petition. *Miles*, 187 F.3d at 1107. The equitable tolling inquiry measures both proximate cause and proportional relief principles. *See Fail v. Hubbard*, 315 F.3d 1059, 1062 (9th Cir. 2002) (holding that petitioner, who continued to press a petition with unexhausted claims that was eventually dismissed, was not entitled to equitable tolling because petitioner caused the untimeliness problem); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir.2002) (holding that equitable tolling "is appropriate only during the delay caused by the extraordinary circumstances" and applying proportional relief principles).

Smith seeks equitable tolling to sustain a determination that his third federal petition was timely filed. He has not shown that extraordinary circumstances beyond his control caused him to file the third petition late. The opinion of the court, in holding otherwise, fails to adhere to the causation and proportional relief principles required in equitable tolling cases.

### B

No external forces caused Smith to make three attempts before filing a fully exhausted federal habeas petition. Smith bears sole responsibility for submitting the second of his mixed petitions.

When Smith's first petition was dismissed, the district court advised Smith which claims needed to be exhausted. Despite the aid of explicit instructions, Smith submitted only four of the five unexhausted claims to the California Supreme Court. By presenting a second federal petition containing a previously dismissed, yet still unexhausted, claim, Smith *chose* to press a mixed petition with awareness of the possible consequences. Smith's *pro se* status is no excuse for failing to present a fully exhausted federal habeas petition in these circumstances.

We faced a similar situation in *Fail v. Hubbard* and held that equitable tolling did not apply. 315 F.3d at 1062. In *Fail*, the petitioner was given leave to amend after the district court dismissed the petition because the petition contained unexhausted claims. *Id.* at 1060. The petitioner then deleted some of the unexhausted claims, but not all of them. *Id.* at 1061. Following this amendment, the district court dismissed the petition, doing so after AEDPA's statute of limitations expired. *Id.* We refused to grant equitable tolling in *Fail*, because "[b]y continuing to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court, Fail was the cause of the delay that ultimately made his petition untimely." *Id.* at 1062. Similar reasoning applies to Smith's actions in pressing his second mixed petition after the district court informed Smith what he needed to do to fix the deficiencies in his first petition.

### C

Smith's conduct is the ultimate reason his claims are time-barred. There would have been no exhaustion issue in the second petition—and no "erroneous" dismissal—if Smith had simply followed the district court's instructions following dismissal of the first petition. The court's

822

opinion speculates that Smith would have preserved his claims if the district court had done things differently. The court's opinion suggests a number of things that the district court should have done. These proposals fail to alter the equitable balance in this case.

The court's opinion first focuses on the district court's failure to tell Smith that he could amend his second petition rather than face dismissal after the court found the second petition contained unexhausted claims. Assuming the district court had told Smith that he could amend his second petition, there is no reason to believe that Smith would have taken advantage of this opportunity.

In dismissing the first petition, the district court informed Smith that he could either immediately refile his complaint without the unexhausted claims or he could take the unexhausted claims to state court and file another petition afterward. Smith chose to go back to state court.

Smith also went back to state court when the district court gave him the same choice between resubmission or further exhaustion after dismissing the second petition.[3] It should be noted that Smith knew how to amend his petition; the petition the district court dismissed was Smith's "Second *Amended* Petition." In the face of this history, it is pure speculation to believe that Smith would have opted to amend his petition to delete the unexhausted claim even if the district court had given him yet another opportunity to amend before dismissing the petition.

The opinion of the court then suggests that the real problem in this case was the district court's failure to inform Smith that any future federal habeas petition would or could be time-barred at the time Smith's second petition was dismissed. It is difficult to discern how the district court could have been expected to realize that there was a statute of limitations problem. At the time Smith's second petition was dismissed in 1997, it was still an open question in this circuit whether the time during which a habeas petition was pending in federal court was statutorily tolled.

The Supreme Court did not resolve the circuit split on this issue until June 18, 2001. *See Duncan v. Walker*, 533 U.S. at 171–72, 121 S.Ct. 2120. It is an exercise in hindsight to fault the district court for failing to anticipate the development of the law on an issue that was not briefed or presented to the district court. Similar considerations apply to the opinion's treatment of the district court's failure to advise Smith of the withdrawal and abeyance procedure; a procedure we did not endorse until *after* Smith's second petition was dismissed. *See Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 986–88 (9th Cir.1998). Even if the district court's failure to anticipate these later developments was error, *see Ford v. Hubbard*, 305 F.3d 875, 886–87 (9th Cir.2002), they do not justify equitable tolling because Smith's meandering to and from state court following the district court's dismissal of his second petition constitutes unreasonable delay. *See Ford*, 305 F.3d at 888 n. 12 (basing relief from statute of limitations in part on petitioner's prompt effort in going to and returning from state court following initial dismissal).

The district court's (1) failure to allow Smith to amend his petition, (2) failure to warn Smith of the looming statute of limi-

**3.** If Smith had opted to immediately resubmit another petition with the unexhausted claim deleted we would be facing a very different situation. *See Anthony v. Cambra*, 236 F.3d 568, 571, 574 & n. 1 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). But that is not our case.

tations, and (3) failure to advise Smith of the withdrawal and abeyance procedure do not entitle Smith to equitable tolling *on the facts of this case.*

## D

The opinion of the court focuses on the district court's perceived errors and ignores Smith's role in creating his statute of limitations problem. In addition to Smith's persistence in bringing unexhausted claims, the statute of limitations would not have barred Smith's petition if Smith had not, in the face of AEDPA's statute of limitations, waited over four months after the California Supreme Court denied his July 1996 state petition before filing his second federal petition.[4] If Smith had moved promptly in returning to federal court, i.e. within 30 days, he still would have had 19 days left on the statute of limitations after the district court's dis-

missal of the second petition.[5] *See Zarvela v. Artuz,* 254 F.3d 374, 381 (2d Cir. 2001), *cert. denied,* 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001) (characterizing 30 days as a reasonable interval of time for returning to federal court following exhaustion). Even these calculations do not fully reflect Smith's lack of diligence because they do not incorporate the additional 140 days that lapsed while Smith amended his second federal petition to address other deficiencies.[6]

Finally, the opinion of the court ignores the 109 days (excluding potentially tolled time) that Smith spent going to and returning from state court following dismissal of the second petition. This delay is unreasonable, particularly given the extra 30 days of tolling Smith would be entitled to after the California Supreme Court's rejection of his last state petition if the statute of limitations had not already run.[7]

---

4. During the first 30 days following the California Supreme Court's denial of Smith's state habeas petition, the statute of limitations was statutorily tolled. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001). Smith filed his second federal petition 101 days after this thirty-day "grace" period expired and 131 days after the California Supreme Court's ruling.

5. Smith had 294 days left on the statute of limitations when the California Supreme Court dismissed his July 1996 state petition. Smith's second federal petition was pending before the district court for 275 days. This is about average for a habeas petition dismissed on procedural grounds. *See Duncan,* 533 U.S. at 186, 121 S.Ct. 2120 (Breyer, J., dissenting) (on average district courts take 268 days to dismiss petitions on procedural grounds, nearly half of these petitions are pending in district court for six months or longer).

6. The court's opinion holds that the entire time the petition was pending is subject to equitable tolling, relying on *Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001). This rote application of *Tillema* is inconsistent with the fact-intensive nature of equitable toll-

ing, *see Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc), and the holding in *Corjasso,* 278 F.3d at 878–79, which only excludes the period of time during the pendency of a federal petition that is attributable to "extraordinary circumstances." In *Tillema* there is no indication that the petitioner had any fault in the failure to comply with AEDPA's statute of limitations. That cannot be said in this case.

7. *See Palmer v. Carlton,* 276 F.3d 777, 781–82 (6th Cir.2002) (refusing to use equitable tolling where petitioner took more than two months to return to federal court); *Bunney,* 262 F.3d at 974 (holding that habeas petitioners are entitled to an additional 30 days tolling following dismissal of their state petitions by the California Supreme Court); *see also Zarvela,* 254 F.3d at 381 (characterizing 30 days as "reasonable" time for each leg of trip to and from state court); *Kelly v. Small,* 315 F.3d 1063, 1071 (9th Cir.2003) (stating that 30 days to return to federal court "seems reasonable"); *Ford v. Hubbard,* 305 F.3d 875, 888 n. 12 (9th Cir.2001) (endorsing test of "reasonable" time announced in *Zarvela* ).

Smith's lack of diligence lies at the root of his statute of limitations problem. Smith is directly responsible for at least 421 days of the delay between the starting of the statute of limitations and Smith's filing of his third federal petition.[8] Cumulatively, Smith's role in the untimely filing of his third petition makes equitable tolling inappropriate.

E

In another situation where a *pro se* party failed to follow explicit instructions as to how to preserve a claim, the Supreme Court held:

The simple fact is that Brown was told three times what she must do to preserve her claim and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

*Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). The same principle applies here, as does the Supreme Court's admonition that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County,* 466 U.S. at 152, 104 S.Ct. 1723; *see also National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106 (2002) (quoting *Baldwin County* ).

F

The record in this case establishes that: (1) Smith knew the claims he needed to exhaust after the first petition was dis-

missed, but did not immediately proceed to exhaust *all* of these claims; (2) Smith used up over three months of the limitations period before filing his second petition; (3) Smith used up another four months of the limitations period fixing deficiencies in his second petition; (4) Smith failed to request another opportunity to amend his petition even after he knew his second petition was subject to dismissal, and then (5) Smith unreasonably took his time going to and returning from state court following dismissal of his second petition. Smith is not entitled to equitable tolling for his third petition. The conduct of proceedings in the district court are insufficient to shift responsibility for the untimely third federal petition from Smith's shoulders.

III

In its zeal to modify the district court's judgment dismissing Smith's second federal petition, the court's opinion wrongly applies equitable tolling and overlooks the facts demonstrating that Smith's own actions and lack of diligence caused the untimely filing of his third federal petition. Equitable tolling principles need not be applied to cure Smith's neglect.

I respectfully dissent.

---

**8.** This figure represents the 71 days of the limitations period that elapsed before Smith filed his July 1996 state petition, *supra* at n. 3, the 101 further days that elapsed before Smith filed his second federal petition, the 140 days of delay attributable to Smith during the pendency of the second petition, and the 109 days during which the limitations clock was running following dismissal of Smith's second petition before he filed his third federal petition.