**Stephen Kent STRUBE, Petitioner–Appellant,**

v.

**Terry L. STEWART, Warden, et al,** Respondent–Appellee.

No. 02–15469.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Stephen Kent Strube appeals pro se the district court's denial of his Fed. Rule Civ. P. 60(b) motion for relief from the dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred. Strube seeks to challenge his guilty-plea conviction for child molestation and sexual conduct with a minor. This court reviews for abuse of discretion a district court's denial of a Rule 60(b) motion. *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir.1997). We have jurisdiction pursuant to 28 U.S.C. § 2253. We vacate and remand.

Strube contends in his motion for reconsideration that the district court erred in dismissing his petition as time-barred because the petition is an amendment of his first timely-filed habeas petition.

At the time the district court denied Strube's motion for reconsideration and dismissed his federal petition, the court did not have the benefit of our decisions in *Ford v. Hubbard*, 330 F.3d 1086, 1100 (9th Cir.2003) (as amended) (concluding that the district court erred when it failed to inform a pro se petitioner that he would be time-barred upon returning to federal court with exhausted claims), *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir.2003) (deciding that "the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed petition."), *Smith v. Ratelle*,

323 F.3d 813, 819 (9th Cir.2003) (finding that a district court's erroneous dismissal of a mixed habeas petition resulted in "extraordinary circumstances" to justify equitable tolling), and *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir.2003) (stating that "the relevant measure of diligence is how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so.").

Accordingly, we vacate the district court's denial of Strube's motion for reconsideration, and remand so the district court may determine whether the dismissal of his second habeas petition warrants relief from judgment in light of this court's subsequent decisions. *See* Fed. R. Civ. P 60(b)(6) (providing that the court may relieve a party from a final judgment, order, or proceeding for "any [ ] reason justifying relief from the operation of the judgment").

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.