**Manuel Atienza WAGAN,
Petitioner–Appellant,**

v.

**Edward ALAMEIDA, Respondent–
Appellee.**

No. 99–17503.

D.C. No. CV–99–03098–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

## MEMORANDUM**

California state prisoner Manuel Atienza Wagan appeals the dismissal as untimely of his 28 U.S.C. § 2254 petition, challenging his jury-trial conviction and life sentence for attempted first-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We vacate and remand.

Wagan contends that the district court erred in dismissing his § 2254 petition as untimely because he is entitled to equitable tolling for the period that his previous mixed federal petition was pending in the district court. Wagan also argues that the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court erred in denying his request to hold his previous mixed federal petition in abeyance while he exhausted his unexhausted claims in state court. These contentions may have merit.

At the time the district court dismissed Wagan's federal petition, the court did not have the benefit of our decisions in *Ford v. Hubbard*, 330 F.3d 1086, 1100 (9th Cir. 2003) (as amended) (allowing a second petition to relate back to the first petition after concluding that the district court erred when it failed to inform a pro se petitioner that, on the face of his first petition, he would be time-barred upon returning to federal court with newly-exhausted claims), *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir.) (as amended), *cert. denied*, —— U.S. ——, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003) (deciding that "the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed federal petition"), *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir.2003) (determining that district court's erroneous dismissal of a mixed habeas petition resulted in "extraordinary circumstances" to justify equitable tolling), and *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir.2003) (noting that petitioner must demonstrate diligence in exhausting claims, and stating that "the relevant measure of diligence is how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so.").

Accordingly, we vacate the district court's dismissal of Wagan's petition, and remand so that the district court may determine whether the petition should be considered timely in light of this court's recent decisions.

**VACATED and REMANDED.**