Duncan MARTINEZ, aka Duncan G.J. Martinez, Petitioner–Appellant,

v.

Ernest C. ROE, Warden; et al., Respondents–Appellees.

No. 02–56727.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 20, 2003.

Before: SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner Duncan G.J. Martinez appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely, challenging his 1996 jury-trial conviction and life sentence for first degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We vacate and remand.

Martinez contends that he is entitled to tolling for the entire time his first timely-filed mixed federal habeas petition was pending in the district court.

■ At the time the district court dismissed Martinez's first federal petition, the court did not have the benefit of our decisions in *Ford v. Hubbard*, 330 F.3d 1086, 1100 (9th Cir.2003) (as amended) (allowing a second petition to relate back to the first petition after concluding that the district court erred when it failed to inform a pro se petitioner that, on the face of his first

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

petition, he would be time-barred upon returning to federal court with newly-exhausted claims), *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.) (as amended), *cert. denied,* —— U.S. ——, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003) (deciding that "the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed federal petition"), *Smith v. Ratelle,* 323 F.3d 813, 819 (9th Cir.2003) (determining that district court's erroneous dismissal of a mixed habeas petition resulted in "extraordinary circumstances" to justify equitable tolling), and *Guillory v. Roe,* 329 F.3d 1015, 1018 (9th Cir.2003) (noting that petitioner must demonstrate diligence in exhausting claims, and stating that "the relevant measure of diligence is now quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so.").

Accordingly, we vacate the district court's dismissal of Martinez's petition, and remand so that the district court may determine whether the petition should be considered timely in light of this court's recent decisions.

**VACATED and REMANDED.**