Michael D. BRAMBLES, Petitioner–Appellant,

v.

W.A. DUNCAN, Warden; C.A. Terhune, Director, California Department of Corrections, Respondents–Appellees.

No. 01–55716.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Filed June 3, 2003.

Amended Sept. 2, 2003.

Kenneth M. Stern, Woodland Hills, CA, for the petitioner-appellant.

Lawrence M. Daniels, Deputy Attorney General, Los Angeles, CA, for the respondents-appellees.

Before: THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

**ORDER**

The slip opinion filed June 3, 2003 is amended as follows:

In the last paragraph that begins at slip op. 7184 with the language "By holding that all three claims . . ." delete the following portions of the paragraph from slip op. 7184 and 7185:

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

See *Allen v. Lewis,* 255 F.3d 798, 800–801 (9th Cir.2001) (stating that "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken."). *Cf. Anthony v. Cambra,* 236 F.3d 568, 577 (9th Cir.2000) (noting that, under Rule 15(c), the district court may deny a petitioner leave to amend if there has been "undue delay, bad faith, or dilatory motive."). In the present case, excluding the time

In lieu of the deleted language, insert "Excluding the time".

With this amendment, the last paragraph that begins at slip op. 7184, and continues onto slip op. 7185, will read:

By holding that all three claims in the second petition are timely, we put Brambles in the position he likely would have been in absent the district court's erroneous dismissal of the first petition. In reaching this decision, we conclude that Brambles exercised reasonable diligence in exhausting his two claims and returning to federal court. Excluding the time Brambles's habeas petition was pending in state court, it took him 85 days to exhaust those claims and return to federal court. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (noting that "[a] decision of the [California] Supreme Court becomes final 30 days after filing."); 28 U.S.C. § 2244(d) (limitations period stayed while a petition is pending in state court). Taking 85 days, apart from excludable "state time," to exhaust state remedies does not demonstrate a lack of diligence by Brambles. *Smith v. Ratelle,* 323 F.3d 813, 815–819 (9th Cir.2003) (93 days assumed (but not decided) to be reasonably diligent); *cf.*

*Zarvela,* 254 F.3d at 381 (60 days not unreasonable).