**Jerry A. TORRES, Petitioner–Appellant,**

v.

**William DUNCAN, Warden, Respondent–Appellee.**

No. 00–56849.

D.C. No. CV–99–01491–NLS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

David J. Zugman, Law Offices of David J. Zugman, San Diego, CA, Jerry A. Torres, pro se, San Luis Obispo, CA, for Petitioner–Appellant.

Attorney General for the State of California, Lise S. Jacobson, DAG, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

---

1. Appellant's "Motion for leave to file late arguments," received on October 9, 2001, is denied.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Torres' request for oral argument is denied.

## MEMORANDUM**

California state prisoner Jerry A. Torres appeals the district court's dismissal as untimely of his 28 U.S.C. § 2254 habeas corpus petition, challenging his jury-trial conviction and sentence for child molestation. We have jurisdiction pursuant to 28 U.S.C. § 2253. We vacate and remand.

Torres contends that he is entitled to tolling for the entire time his first timely-filed mixed federal habeas petition was pending in the district court.

At the time the district court dismissed Torres' first federal petition, the court did not have the benefit of our decisions in *Ford v. Hubbard*, 330 F.3d 1086, 1100 (9th Cir.2003) (as amended) (allowing a second petition to relate back to the first petition after concluding that the district court erred when it failed to inform a pro se petitioner that, on the face of his first petition, he would be time-barred upon returning to federal court with newly-exhausted claims); *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir.2003) (noting that petitioner must demonstrate diligence in exhausting claims, and stating that "the relevant measure of diligence is how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so."); *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir.2003) (determining that district court's erroneous dismissal of a mixed habeas petition resulted in "extraordinary circumstances" to justify equitable tolling); and *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir.) (as amended), *cert. denied*, —— U.S. ——, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003) (deciding that "the district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed federal petition").

Accordingly, we vacate the district court's dismissal of Torres' petition, and remand so that the district court may determine in the first instance whether the petition should be considered timely in light of this court's recent decisions.

**VACATED and REMANDED.[1]**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to address Torres' other claims since they are not encompassed in the certificate of appealability. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

