Ronald Crawford COOK, Petitioner–
Appellant,

v.

William DUNCAN, Warden,
Respondent–Appellee.

No. 02–15771.

D.C. No. CV–99–06112–SMS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 24, 2003.

Helen D. White, Esq., Glendale, CA, for
Petitioner–Appellant.

Robert R. Anderson, Depty. Atty. Gen.,
Susan Rankin Bunting, DAG, Attorney
General's Office, Sacramento, CA, for Re-
spondent–Appellee.

Before B. FLETCHER, SILVERMAN
and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Ronald Craw-
ford Cook appeals the district court's deni-
al of his Federal Rule of Civil Procedure
60(b) motion for relief from the dismissal
of his 28 U.S.C. § 2254. Cook seeks to
challenge his 1991 jury-trial conviction and
sentence for second-degree murder with a
firearm. This court reviews for abuse of
discretion a district court's denial of a Rule

60(b) motion. *Greenawalt v. Stewart,* 105
F.3d 1268, 1273 (9th Cir.1997). We vacate
and remand.

Cook argues that he is entitled to relief
under Rule 60(b) because he mistakenly
requested dismissal of his § 2254 petition
due to his mental disability.

At the time the district court dismissed
Cook's federal petition and denied his mo-
tion for reconsideration, the court did not
have the benefit of our decisions in *Ford v.
Hubbard,* 330 F.3d 1086, 1100 (9th Cir.
2003) (as amended) (concluding that the
district court erred when it failed to inform
a pro se petitioner that, on the face of his
first petition, he would be time-barred
upon returning to federal court with new-
ly-exhausted claims), *Kelly v. Small,* 315
F.3d 1063, 1070 (9th Cir.) (as amended),
*cert. denied,* —— U.S. ——, 123 S.Ct. 2094,
155 L.Ed.2d 1077 (2003) (deciding that
"the district court must consider the alter-
native of staying the petition after dismiss-
al of unexhausted claims, in order to per-
mit Petitioner to exhaust those claims and
then add them by amendment to his
stayed federal petition"), *Smith v. Ratelle,*
323 F.3d 813, 819 (9th Cir.2003) (determin-
ing that district court's erroneous dismiss-
al of a mixed habeas petition resulted in
"extraordinary circumstances" to justify
equitable tolling), and *Guillory v. Roe,* 329
F.3d 1015, 1018 (9th Cir.2003) (noting that
petitioner must demonstrate diligence in
exhausting claims, and stating that "the
relevant measure of diligence is how quick-
ly a petitioner sought to exhaust the claims
dismissed as unexhausted, and how quickly
he returned to federal court after doing
so.").

Accordingly, we vacate the district
court's denial of Cook's motion for recon-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

sideration, and remand so the district court may determine in the first instance whether the dismissal of his petition warrants relief from judgment in light of this court's subsequent decisions. *See* Fed. R. Civ. P 60(b)(6) (providing that the court may relieve a party from a final judgment, order, or proceeding for "any [ ] reason justifying relief from the operation of the judgment").

VACATED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.