Steven A. MILLER, Petitioner—
Appellant,

v.

Frankie Sue DEL PAPA; E.K.
Mcdaniel, Respondents—
Appellees.

No. 02–16096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 13, 2004.

Paul Turner, Esq., Las Vegas, NV, for Petitioner–Appellant. John C. Lambrose, Esq., Las Vegas, NV, David K. Neidert, DAG, Carson City, NV, for Respondents–Appellees.

Before: MESKILL,* TROTT, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Steven Miller seeks equitable tolling of the time during which his first federal habeas petition was pending. The bar for equitable tolling is high: "In this circuit, equitable tolling is warranted only by extraordinary circumstances beyond the petitioner's control which made it impossible to file a timely federal habeas petition." *Fail v. Hubbard*, 315 F.3d 1059, 1061–62 (9th Cir.2001). Miller does not meet this standard.

Importantly, Miller never pursued state post-conviction remedies prior to filing his first federal habeas petition, despite a clear indication from the Nevada Supreme Court that its dismissal of his direct appeal was without prejudice to the filing of a habeas petition in the state district court. Nor does Miller offer a valid reason for failing to file a state habeas petition. Even assuming that filing a state habeas petition would have been futile, such a showing would not excuse his failure to exhaust state remedies. *See Noltie v. Peterson*, 9 F.3d 802, 805–06 (9th Cir.1993).

The district court did not err in determining that Miller's first federal petition was completely unexhausted. When the district court dismissed for failure to exhaust state remedies, existing state law provided an exception to the time limits imposed on filing state habeas petitions. Nev.Rev.Stat. 34.726(1). Faced with a federal habeas petition from a prisoner who had never filed a state habeas petition, the district court had little choice but to reach this conclusion. Because the lack of exhaustion was so obvious, the fact that the district court did not allow Miller, a pro se petitioner, to correct any error in his first habeas petition is harmless in the context of this case. Importantly, Miller's mistake was not technical or subject to correction through amended pleadings; it was that he completely failed to file a state habeas petition. As a result, any failure by the district court to afford Miller a chance to correct his first habeas petition does not warrant equitable tolling.

Finally, Miller's pending motion to broaden the Certificate of Appealability is denied. Reasonable jurists would not dispute that § 2244(d) applies to Miller's habeas petition, regardless of whether he received ineffective assistance of counsel.

AFFIRMED.

---

* The Honorable Thomas J. Meskill, Senior Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.