**Ronald Raymond LETOURNEAU, Petitioner—Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent— Appellee.**

No. 03–16695.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 14, 2004.

Quin Denvir, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty Atty Gen, Attorney General's Office, Sacramento, CA, for Respondent–Appellee.

Before: HALL, BRUNETTI, and GRABER, Circuit Judges.

MEMORANDUM **

Ronald Raymond LeTourneau appeals the district court's denial of his petition for writ of habeas corpus as untimely. We affirm.

The statute of limitations for filing a petition for writ of habeas corpus in federal court is one year. 28 U.S.C. § 2244(d)(1). The statute of limitations in LeTourneau's case ran from March 12, 1997, until February 19, 1998, and recom-

---

**4.** *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

menced running on May 29, 1999. On that date, only 21 days remained for LeTourneau to file a federal habeas petition. However, he did not mail his federal petition until 325 days later, on May 8, 2000. Therefore, LeTourneau's habeas petition is time barred.

We disagree with LeTourneau's argument that his mental disabilities warrant equitable tolling of the statute of limitations. Equitable tolling "is available only when 'extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time.'" *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir.2003) (quoting *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc)). According to the medical records kept by the prison clinical psychologists who examined him, LeTourneau was "intelligent" and his mental health was "within normal limits." LeTourneau had a basic understanding of his legal position to the extent that he knew he had missed the deadline for filing a habeas petition in federal court. While the Miller letter suggests that LeTourneau's mental handicaps made it more difficult for him to file a timely petition, the letter does not suggest that the handicaps made it impossible for him to do so. Taken together, the medical records indicate that LeTourneau understood his legal rights and retained the capacity for rational choice.

AFFIRMED.