122 F.3d 28
 97 Cal. Daily Op. Serv. 6125, 97 Daily Journal
D.A.R. 10,202
Thomas Martin THOMPSON, Petitioner-Cross-Appellant/Appellee,
v.
Arthur CALDERON, Warden of the California State Prison at
San Quentin, Respondent-Appellee/Cross-Appellant.
 Nos. 95-99014, 95-99015.
 United States Court of Appeals,
Ninth Circuit.
 Decided July 28, 1997.
 
 Before: BEEZER, HALL and LEAVY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Thomas M. Thompson, by and through his attorneys, has filed an emergency motion under Circuit Rule 27-3 to recall the mandate and for a stay of execution. Our opinion in this appeal was filed on June 19, 1996, as amended March 6, 1997 and is reported at 109 F.3d 1358 (9th Cir.1996). A petition for certiorari was filed in the Supreme Court of the United States on behalf of the petitioner and the petition was denied. In compliance with Fed. R.App. P. 41(b), our mandate issued on June 11, 1997.
 
 
 2
 The petitioner now asserts that there is "newly discovered evidence confirming that petitioner had consensual intercourse with, and did not rape, Ginger Fleischli." Petitioner says that even if his newly discovered evidence is challenged by the state, the state withheld evidence from the petitioner and that the discovery of such evidence will materially affect our opinion with respect to "prejudicial ineffective assistance of counsel."
 
 
 3
 When we consider the record on which our opinion was based, there is no record evidence before us with respect to claims which petitioner now makes in his petition to recall the mandate. These matters have never been considered by the district court,[1] this court or the United States Supreme Court.
 
 
 4
 Petitioner has raised the claim of newly discovered evidence in a Petition for Habeas Corpus filed with the Supreme Court of California. The California Supreme Court's order entered in In re Thompson, No. 5062592 (July 16, 1997), says:
 
 
 5
 The petition for writ of habeas corpus is denied on the merits. In addition, "Claim C" (asserted juror bias) is barred as untimely: that claim is substantially delayed without good cause (In re Clark (1993) 5 Cal.4th 750, 782-787, 21 Cal.Rptr.2d 509, 855 P.2d 729; In re Swain (1949) 34 Cal.2d 300, 302, 209 P.2d 793), and it falls within none of the exceptions to the bar of untimeliness (In re Clark, supra, 5 Cal.4th at pp. 797-793, 21 Cal.Rptr.2d 509, 855 P.2d 729). Contrary to assertions of the Attorney General, neither "Claim A" (asserted newly discovered evidence) nor "Claim B" (asserted failure to disclose material exculpatory evidence) is substantially delayed.
 
 
 6
 The motions for discovery and for a stay of execution are denied.
 
 
 7
 Mosk, J., is of the opinion that a stay of the judgment should be granted and that an order to show cause as to the special circumstance only should be issued returnable before the superior court.
 
 
 8
 The issues decided by the Supreme Court of California are not considered in our previously filed opinion. Furthermore, we have no record in support of the new claims made in the petition to recall the mandate.
 
 
 9
 The absence of a factual record inhibits our ability to consider whether to recall our mandate in this case. We have the power to recall our mandate, but we will only exercise this power in "exceptional circumstances." Greenawalt v. Stewart, 105 F.3d 1268, 1276 (9th Cir.) (citation omitted), cert. denied, --- U.S. ----, 117 S.Ct. 794, 136 L.Ed.2d 735 (1997). Generally, nothing less than an intervening change in the law by statute or Supreme Court decision qualifies as "exceptional circumstances" that justify recall of our mandate. See, e.g., Malik v. Brown, 65 F.3d 148, 149 (9th Cir.1995) (statute); United States v. Davis, 36 F.3d 1424, 1429-30 (9th Cir.1994) (Supreme Court decision), cert. denied, 513 U.S. 1171, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995); Bryant v. Ford Motor Co., 886 F.2d 1526, 1529-30 (9th Cir.1989) (statute); Zipfel v. Halliburton Co., 861 F.2d 565, 567-68 (9th Cir.1988) (Supreme Court decision); Verrilli v. City of Concord, 557 F.2d 664, 665 (9th Cir.1977) (statute and Ninth Circuit decision); United States v. Amartseff, 435 F.2d 1312, 1312 (9th Cir.1970) (Supreme Court decision); see also Adamson v. Lewis, 955 F.2d 614, 619-20 (9th Cir.1992) (refusing to stay mandate because Supreme Court decision would not change the case's outcome). Upon a change in the law, the existing factual record is adequate to determine whether our prior decision serves justice. Where a party, as here, alleges relevant new facts, a more complete evidentiary record is necessary.
 
 
 10
 There are alternative means for Petitioner to present these new facts for review. Petitioner may make a motion to the district court seeking relief from the judgment based on newly discovered evidence, as counsel advises us it has done. See Fed.R.Civ.P. 60(b)(2).[2] Petitioner may file a second petition for habeas corpus after moving this court for authorization under 28 U.S.C. § 2244(b)(3)(A). See Swan v. Peterson, 6 F.3d 1373, 1384-85 (9th Cir.1993) (addressing newly discovered evidence as a ground for federal habeas corpus relief). Both of these options would provide a hearing of the factual issues alleged by Petitioner in this case and ultimately provide us with an appropriate record to review. Because such a record is not available, it is
 
 
 11
 ORDERED that the motion to recall the mandate and for stay of execution are denied without prejudice to any other proceedings.
 
 
 
 [1]
 Counsel for petitioner advises us that a Fed.R.Civ.P. 60(b) motion has been filed in the district court
 
 
 [2]
 But note that "where a habeas petitioner tries to raise new facts or new claims not included in prior proceedings in a Rule 60(b) motion, such motion should be treated as the equivalent of a second petition for writ of habeas corpus." Clark v. Lewis, 1 F.3d 814, 825 (9th Cir.1993); see also Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.) (applying the restrictions of the Antiterrorism and Effective Death Penalty Act to Rule 60(b) motions), cert. denied, --- U.S. ----, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996)