Felton Lee **GUILLORY**, Petitioner–
Appellant,

v.

Ernest C. **ROE**, Warden, Respondent–
Appellee.

No. 01–56343.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Filed May 5, 2003.

As Amended on Denial of Rehearing
June 20, 2003.

---

William S. Harris, Stewart & Harris, South Pasadena, CA, for the appellant.

Marc E. Turchin, Supervising Deputy Attorney General, Los Angeles, CA, for the appellee.

Before HALL, KOZINSKI, and RAWLINSON, Circuit Judges.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge.

California state prisoner Felton Lee Guillory appeals the district court's dismissal of his petition for a writ of habeas corpus. The district court held that the statute of limitations mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA") rendered Guillory's petition untimely. The sole issue on appeal is whether Guillory is entitled to equitable tolling by virtue of the district court's erroneous dismissal of a prior habeas petition containing unexhausted claims without giving him the option to amend. Because equitable tolling is unavailable where, as here, a petitioner did not exercise reasonable diligence, we AFFIRM.

### FACTS

Guillory is currently serving a life sentence following his 1984 conviction for murder, attempted murder and kidnaping. Guillory filed a federal habeas petition on April 21, 1997, two days before the AEDPA statute of limitations expired. *See Ford v. Hubbard*, 305 F.3d 875, 882 (9th Cir.2002) (explaining that convictions which became final before AEDPA's effective date of April 24, 1996, are timely only if filed before April 24, 1997). Guillory's 1997 petition contained three categories of claims: (1) insufficiency of the evidence

supporting the kidnaping special circumstance finding in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments; (2) fair trial, due process and confrontation clause violations under the Fifth, Sixth, and Fourteenth Amendments; and (3) prosecutorial misconduct in the introduction of altered and perjured testimony in violation of the Fourteenth Amendment.

On October 15, 1997, the district court dismissed the petition without prejudice because it contained unexhausted claims. The district court found that Guillory's Sixth and Eighth Amendment claims under the first category and his Fifth and Sixth Amendment claims under the second category were unexhausted. The district court made no finding as to whether the remaining claims were exhausted. Guillory moved to strike the unexhausted claims and continue the petition on the basis of any exhausted claims. The district court denied the motion as "belated" and "potentially ambiguous."

More than eight months later, on June 19, 1998, Guillory initiated a series of state court petitions. The last of Guillory's state court petitions was denied on September 27, 2000. On December 5, 2000, more than three years after the district court had dismissed his original petition, Guillory returned to federal court to file a petition containing both new claims and claims that had been presented in his 1997 petition. On June 26, 2001, the district court dismissed Guillory's petition, in its entirety, as untimely.

### STANDARD OF REVIEW

■ We review *de novo* a district court's decision to dismiss a habeas petition on timeliness grounds. *Ford,* 305 F.3d at 882.

### ANALYSIS

■ The exhaustion rule set forth in 28 U.S.C. § 2254(b) requires district courts to dismiss habeas petitions containing unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In the case of a "mixed" petition, containing both exhausted and unexhausted claims, a petitioner is given "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.*

*Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion." *Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted). However, AEDPA now requires prisoners to file habeas petitions within one year of the date the state conviction at issue became final. 28 U.S.C. § 2244(d). As a result, petitioners may find themselves time-barred when they attempt to resubmit their exhausted claims to the district court. *Anthony v. Cambra,* 236 F.3d 568, 573 (9th Cir.2000). In some cases, the limitations period may have already run by the time the district court determines that a petition is "mixed" and therefore must be dismissed. *Tillema v. Long,* 253 F.3d 494, 503 (9th Cir.2001).

In response to these issues, we have consistently held that district courts must allow petitioners to amend their mixed petitions to strike their unexhausted claims as an alternative to suffering dismissal. *Id.* We have also held that a "district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment." *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.2003). Finally, we have held that where a district court erroneously dismisses a mixed habeas petition

without affording the petitioner the opportunity to abandon his unexhausted claims, "any time in excess of AEDPA's limitation period should be equitably tolled." *Tillema*, 253 F.3d at 503.

▮ The district court erred by denying Guillory's motion to strike the unexhausted portions of his petition as an alternative to suffering dismissal. Guillory contends that under *Tillema*, the three years that elapsed between his federal habeas petitions should be subject to equitable tolling. We disagree. Such a result would be inconsistent with our previous decisions applying equitable tolling only where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999); *see also Fail v. Hubbard*, 315 F.3d 1059, 1062 (9th Cir. 2002) ("By continuing to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court, [petitioner] was the cause of the delay that ultimately made his second petition untimely."); *Tillema*, 253 F.3d at 504 (citing *Prunty* ).

In *Tillema*, the petitioner was engaged in attempts to obtain relief from judgment in state court for the entire tolled period. *Tillema*, 253 F.3d at 496–97. Tillema presented his subsequent federal petition only nine months after the district court's improper dismissal, and only one week after the Nevada Supreme Court ruled on his last pending motion attacking his conviction. *Id.* at 497. Under these circumstances, we held that Tillema was entitled to equitable tolling. *Id.* at 504. Guillory, by contrast, allowed over eight months to pass before filing his first subsequent petition in state court, and when he did so, it was a petition to the California Court of Appeal presenting new claims, not the unexhausted claims raised in his 1997 federal petition. It was not until January 21, 2000, that Guillory filed a petition attempting to exhaust the claims deemed unexhausted in 1997. The California Supreme Court denied that petition on April 26, 2000.

Although Guillory correctly points out that he was not sitting on his rights during the three-year interval between his federal petitions, the relevant measure of diligence is how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so. Guillory took twenty-seven months to present the relevant claims to the California Supreme Court, and seven months after that court's decision to return to federal court.[1] Given his lack of diligence in exhausting his claims, Guillory is not entitled to equitable tolling.

Were we to apply *Tillema* as Guillory suggests, a district court's failure to permit a petitioner to strike unexhausted claims from his petition would toll the statute of limitations indefinitely. We reject such a rule as not only contrary to our previous cases requiring a petitioner to proceed with reasonable diligence, but also inconsistent with AEDPA's "statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

**AFFIRMED.**

---

**1.** We recently indicated that "thirty days is sufficient time for a petitioner to return to federal court following final action by the state courts." *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir.2003) (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir.2001)).