**Todd Lewis ASHKER, Petitioner—
Appellant,**

v.

**Joe MCGRATH, Warden, Respondent—
Appellee.**

**No. 02–17175.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2003.

Decided Sept. 10, 2003.

John Boyce Kenny, Arcata, CA, for Petitioner–Appellant.

Ward A. Campbell, Esq., Sacramento, CA, for Respondent–Appellee.

Before: REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

### MEMORANDUM **

Todd Lewis Ashker ("Ashker") appeals the district court's determination that his April 20, 2001 habeas corpus petition under 28 U.S.C. § 2254[1] was barred by the one-year statute of limitations set out in Section 2244(d). On April 22, 1997 Ashker filed a petition for review in state court that, by his own calculation, tolled the running of the statute of limitations until July 5, 2000—nine months before Ashker actually filed his federal petition now under review. Ashker offers numerous rea-

---

* The Honorable Milton I. Shadur, Senior United States District Judge, Northern District of Illinois, sitting by designation.

1. All further citations to Title 28 provisions will simply take the form "Section—."

sons why his habeas claim should not be considered untimely despite the delay in filing, but after reviewing the record we agree with the district court that all of Ashker's arguments lack merit.

■ First, Ashker claims that until November 12, 1999 he neither knew nor reasonably could have known that his trial attorney Phillip Cozens ("Cozens") believed that Ashker was implicated in the planning and execution of Cozens' stabbing by a third person during Ashker's trial, but the record clearly shows otherwise. In April 1990 Ashker received copies of statements Cozens made to the police regarding the stabbing. Though Ashker himself acknowledges that those statements "are demonstrative" that Cozens believed all along that Ashker was involved in planning the stabbing, Ashker urges that Cozens' 1999 statement somehow changed the character of Ashker's claim and therefore entitles him to tolling under *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). While Cozens' direct statement might arguably add weight to Ashker's claim, it surely does not alter its character. And the law is clear that Ashker's delay may not be excused just because new evidence comes to light that adds credence to a previously available claim (*McCleskey v. Zant*, 499 U.S. 467, 498, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)).

Ashker similarly argues that Cozens' failure to disclose his beliefs in such express terms earlier amounted to a state-created impediment calling for a tolling of limitations under Section 2244(d)(1)(B). That argument fails for the same reason as the last. Ashker did not have to wait until he received Cozens' declaration before filing a habeas petition, and the delay is fatal to his claims.

Lastly, Ashker contends that even if he has not demonstrated a statutory basis for tolling, his claim should survive under the doctrine of equitable tolling. But the circumstances here fall well short of the standard for applying that doctrine, under which equitable tolling is appropriate "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" (*Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002), reiterating the principle approved en banc in *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998)).

■ Ashker's remaining arguments for equitable tolling may be given short shrift. Ashker claims that his former habeas lawyer caused him to miss the deadline so that Ashker could not collect on a loan from Ashker to that lawyer. But Ashker had been duly warned of any potential conflicts of interest related to the loan and he offers no evidence to support his contention that counsel blew the deadline to keep Ashker behind bars. Ashker fails to demonstrate that the loan and its surrounding circumstances were extraordinary or outside his control. As to Ashker's claim that an improperly treated injury to his arm prevented him from filing a timely petition, suffice it to say that Ashker had no trouble filing five other petitions for habeas relief between 1997 and 1998, not to mention several civil lawsuits.

■ With all of Ashker's other tolling arguments having been scotched, he is left to a fallback contention that the district court erred when it dismissed his first Section 2254 habeas petition (filed in April 1997 and dismissed in October 1998) without also advising him of the opportunity to dismiss unexhausted claims and seek a stay pending their exhaustion. In that respect Ashker claims that *Valerio v. Crawford*, 306 F.3d 742, 770–71 (9th Cir. 2002)(en banc), *cert. denied*, —— U.S. ——, 123 S.Ct. 1788, 155 L.Ed.2d 695 (2003), and

*Ford v. Hubbard,* 330 F.3d 1086, 1097–1100 (9th Cir.2003) should be read to require courts to provide such a warning even when a petitioner is represented by counsel. But we need not decide that question, for *Guillory v. Roe,* 329 F.3d 1015, 1018 (9th Cir.2003) reconfirms that a petitioner is not entitled to equitable tolling where he or she fails to proceed with reasonable diligence. In this instance the nine months that Ashker permitted to elapse after July 5, 2000 before he filed the petition now under review—nine months past that acknowledged limitations date, in the absence of equitable tolling—is simply unreasonable.

In sum, Ashker's Section 2254 petition was plainly out of time. We AFFIRM its dismissal.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.