**David W. LANIER, Petitioner—Appellant,**

v.

**Cameron LINDSAY, Respondent—Appellee.**

No. 04–55543.

D.C. No. CV–04–1300–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

David W. Lanier, Lompoc, CA, pro se.

Leon W. Weidman, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

David W. Lanier, a federal prisoner, appeals pro se the district court's order construing his habeas corpus petition, brought under 28 U.S.C. § 2241, as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and ordering the case transferred to the United States District Court for the Western District of Tennessee. Relying upon *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), Lanier contends that the district court erred in sua sponte recharacterizing his pro se petition as a § 2255 motion without notice and an opportunity to respond. *Castro* does not apply because this is not Lanier's first § 2255 motion.

AFFIRMED.

**Christopher T. BURNS, Petitioner—Appellant,**

v.

**Robert J. HERNANDEZ, Respondent—Appellee.**

No. 04–55700.

D.C. No. CV–03–7692–LGB.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Julie M. Ruhlin, Scheper & Kim LLP, Los Angeles, CA, for Petitioner–Appellant.

Kyle Brodie, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Christopher Burns, a California state prisoner, appeals the dismissal as untimely of his habeas corpus petition brought under 28 U.S.C. § 2254. He contends that the district court erred in granting him equitable tolling of the statute of limitations for the time his attorney abandoned his state court habeas case, but denying him additional equitable tolling for the eight months his new attorney spent preparing the state court petition. This contention lacks merit because Burns' new attorney did not file his federal petition until almost eleven months after the denial of the state court petition became final. *See Guillory v. Roe,* 329 F.3d 1015, 1018 (9th Cir.) (affirming denial of equitable tolling where petitioner allowed eight months to pass before filing federal peti-

---

tion), *cert. denied,* —— U.S. ——, 124 S.Ct. 449, 157 L.Ed.2d 324 (2003).

AFFIRMED.

Karina A. GERCHIKOVA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 02–71721, 03–74030.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Aug. 18, 2004.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.