**Nashawn Lamone STEWART, Petitioner—Appellant,**

v.

**A. LAMARQUE, Warden, Respondent— Appellee.**

**No. 02–56165.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.*

Decided Jan. 12, 2005.

Nashawn Lamone Stewart, Blythe, CA, pro se.

Shakti Murthy, Esq., Santa Monica, CA, for Petitioner–Appellant.

James William Bilderback, II, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM**

Nashawn Lamone Stewart (Stewart) appeals the district court's denial of his petition for writ of habeas corpus on timeliness grounds. Stewart argues that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), should be equitably tolled. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand. We review *de novo* a district court's dismissal of a habeas petition on timeliness grounds. *Guillory v. Roe*, 329 F.3d 1015, 1017 (9th Cir. 2003). A district court's decision whether

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to apply equitable tolling is reviewed for abuse of discretion, unless the relevant facts are undisputed, in which case the legal issues are reviewed de novo. *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004) (citing *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1175 (9th Cir.2000)).

## I.

AEDPA imposes a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d); *Pliler v. Ford,* 542 U.S. 225, ——, 124 S.Ct. 2441, 2445, 159 L.Ed.2d 338 (2004). The statute of limitations begins to run when the judgment becomes final by the expiration of the time for seeking certiorari in the United States Supreme Court, which is 90 days after the highest state court enters its judgment. § 2244(d)(1)(A); *see Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Here, the California Supreme Court denied review on December 21, 1999, and thus Stewart's judgment became final on March 20, 2000. Under the "anniversary method" of Federal Rule of Civil Procedure 6(a), the deadline for filing the petition was March 20, 2001. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001).

Stewart filed his first federal habeas petition on December 20, 2000. The district court dismissed this petition without prejudice for failure to exhaust on April 18, 2001. At that point, the one-year statute of limitations had already expired. Thus, in the absence of some form of tolling, Stewart's second federal habeas petition, filed on October 3, 2001, would have been time-barred.

## II.

The AEDPA statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Stewart filed a habeas petition in the California Supreme Court on the date of his deadline for filing a federal habeas petition: March 20, 2001.[1] Thus, with one day remaining in the statutory period, Stewart's filing of the state petition began statutory tolling of the statute of limitations. The California Supreme Court dismissed the petition on August 29, 2001, and its judgment became final on September 28, 2001. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (per curiam). Under FED. R. CIV. P. 6(a), the "clock" began to run on the following day, September 29, 2001. *See Patterson,* 251 F.3d at 1246. Because September 29 fell on a Saturday, the deadline for Stewart to file a federal habeas petition became October 1, 2001. FED. R. CIV. P. 6(a). Because Stewart did not file his second habeas petition in the district court until October 3, 2001, statutory tolling did not bring Stewart's petition within the statute of limitations.

## III.

AEDPA's one-year statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir.1997); *overruled on other grounds by Calderon v. United States District Court (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc), *abrogated on other grounds by Woodford v. Garceau,* 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d

---

1. Under the prison mailbox rule, a habeas petition is considered filed on the date a *pro se* petitioner delivers it to prison authorities for mailing. *Huizar v. Carey,* 273 F.3d 1220, 1222 (9th Cir.2001).

363 (2003). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288–89 (citation omitted). Equitable tolling is only appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. . . ." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The petitioner bears the burden of proving that he is entitled to equitable tolling. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002); *see also Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993).

Stewart contends that he is entitled to equitable tolling on account of three "extraordinary circumstances": 1) the district court's failure to notify him of AEDPA's one-year statute of limitations; 2) the deprivation of Stewart's legal materials and of his access to the prison law library due to a prison lockdown; and 3) the district court's failure to address Stewart's March 26, 2001, request to "set the case off calendar for 60 days," which he argues affirmatively misled him.

■ Stewart's first argument is foreclosed by *Pliler v. Ford*, which held that district courts are *not* required to warn *pro se* prisoners that their federal habeas petitions later would be time-barred if they dismissed their federal petitions and returned to state court to exhaust their claims. 542 U.S. at ——, 124 S.Ct. at 2446.

■ Proceeding *pro se*, Stewart raised his second argument before the district court. He alleged that on September 21, 2001, just before his federal habeas petition was due, the Salinas Valley State Prison was in lockdown status, and he was denied access to the law library and was unable to obtain copies of his newly-draft-ed petition. Stewart also asserted that his "counselor" had possession of his new habeas petition between September 26, 2001, and October 3, 2001. Stewart reasoned that these "extraordinary circumstances" prevented him from filing his second petition on time.

The denial of a prisoner's access to the prison law library or legal materials, or delays caused by prison officials, may be grounds for equitable tolling of AEDPA's statute of limitations. *See Lott v. Mueller*, 304 F.3d 918 (9th Cir.2002) (holding that a prisoner was entitled to equitable tolling if he was denied access to his legal files for 82 days, and remanding for a factual determination of whether petitioner's allegation to that effect was true); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (remanding for development of the record on whether inadequate prison law library provided grounds for equitable tolling); *Miles*, 187 F.3d at 1107 (applying equitable tolling where prison officials delayed mailing petition and filing fee).

In his Objections to the February 22, 2002 Report and Recommendation of the Magistrate Judge, Stewart attached a copy of the prison "Program Status Report," which shows that inmates were placed on a "modified program" on September 21, 2001. This document suggests that access to the law library was restricted to inmates with "approved court deadlines." Yet there is no further evidence of what this restriction meant, or whether Stewart had access to the library, copier or his legal materials during the critical period of September 21, 2001 to October 1, 2001. The identity or role of Stewart's "counselor" is unclear from the record, and without a sufficient evidentiary record we cannot determine whether this individual may have deprived Stewart of access to his legal materials. Because the factual rec-

ord is inadequate to determine whether Stewart is entitled to equitable tolling because of the prison lockdown and the alleged action of the prison counselor, we remand for factual development of this claim.[2] *See Whalem/Hunt v. Early*, 233 F.3d at 1148.

In light of our disposition, we need not decide the merits of Stewart's third argument, that the district court affirmatively misled him by failing to respond to his March 26, 2001 request to "set the case off calendar." Although the district court lacked discretion to stay the entirely-unexhausted first petition pending Stewart's exhaustion of his constitutional claims in state court, *see Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001), the Supreme Court's decision in *Pliler v. Ford* left open the possibility that the district court's dismissal without prejudice or failure to respond to his request affirmatively misled him such that equitable tolling would be appropriate. *See* 524 U.S. at ——, 124 S.Ct. at 2447. We leave it to the district court to develop the record and address this claim in the first instance, if necessary, on remand.

VACATED and REMANDED.

---

2. The district court found that Stewart had failed to "establish that his limited access to the law library made it impossible for him to file his federal petition on time." In support of this conclusion, the court reasoned that Stewart waited 364 days between the California Supreme Court's denial of his petition for direct review, and his filing of a federal habeas petition. We disagree with this rationale. Stewart filed his first federal habeas petition well within AEDPA's one-year statute of limitations. He filed his state petition less than one month after learning of the exhaustion requirement and before the district court had dismissed his federal petition. *Cf. Fail v.* *Hubbard*, 315 F.3d 1059 (9th Cir.2001); *Guillory v. Roe*, 329 F.3d at 1018. Finally, Stewart returned to federal court just one month after the California Supreme Court denied his petition. Stewart diligently pursued his constitutional claims in state and federal court. Furthermore, the fact that Stewart already had prepared a first federal habeas petition does not lead to the conclusion that he did not need access to the law library or a copier to prepare an adequate second petition. On the contrary, in light of the district court's dismissal of his first petition, Stewart was obligated to update his petition to demonstrate that he had exhausted state remedies.