**Eldorado PITTS, Petitioner—Appellant,**

v.

**Ernie ROE, Warden, Respondent— Appellee.**

No. 01–57250.

D.C. No. CV–01–00361–GAF(SH).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided May 12, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Eldorado Pitts, CSPLAC—California State Prison L.A. County, Lancaster, CA, pro se.

Jennevee H. DeGuzman, Xiomara Costello, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before HALL, PAEZ, Circuit Judges, and BEISTLINE, District Judge.*

MEMORANDUM**

Appellant Eldorado Pitts ("Pitts") appeals the district court's dismissal of his petition for writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's dismissal of a habeas petition on timeliness grounds.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

684

*Guillory v. Roe,* 329 F.3d 1015, 1017 (9th Cir.2003).[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), imposes a one-year statute of limitations for the filing of federal habeas corpus petitions. Because Pitts' conviction became final before the AEDPA was enacted, the statute of limitations began to run on April 25, 1996, and expired on April 24, 1997. *Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir.2002); *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001). Pitts filed his first federal habeas petition on December 20, 2000, more than three and one-half years after the statute of limitations had run.

■ AEDPA provides for "statutory tolling" of its one-year statute of limitations while a "properly filed" petition for state post-conviction collateral review is "pending." § 2244(d)(2). Pitts argues that he is entitled to statutory tolling between the California Court of Appeal's denial of his first state habeas petition on June 13, 1996, and the California Supreme Court's denial of his second state habeas petition on September 27, 2000, on the theory that both applications were part of the same "round" of collateral review. *See Carey v. Saffold,* 536 U.S. 214, 222, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). We conclude that because the California Court of Appeal denied Pitts' petition in part based on his "unexplained delay," citing *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 750–51 (1993) (stating that "a petitioner must explain and justify any substantial delay in presenting a claim"), and because the California Supreme Court denied his petition "on the merits and for lack of diligence," the state courts determined that the filing of Pitts' second petition was untimely. *See La Crosse v. Kernan,* 244

F.3d 702, 705 (9th Cir.2001) (finding that state court's denial of petition "on the merits and for lack of diligence" was based on untimeliness because the petition was filed 12 years after his conviction); *Nino v. Galaza,* 183 F.3d 1003, 1007, n. 4 (9th Cir.1999) (suggesting that a California state court's dismissal of a habeas petition with citation to *Clark* is for untimeliness); *see also Gaston v. Palmer,* 387 F.3d 1004, 1016 (9th Cir.2004) (same); *Thompson v. Calderon,* 122 F.3d 28, 29 (9th Cir.), *rev'd on other grounds by* 120 F.3d 1045 (9th Cir.1997), *and rev'd by* 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (same). Because the California courts dismissed the petition as untimely, it was not "pending" during the three and one half year interval. *See Carey,* 536 U.S. at 226, 122 S.Ct. 2134.

■ Furthermore, given our conclusion that the state courts dismissed the petition as untimely, the petition was not "properly filed" within the meaning of § 2244(d)(2). *See Pace v. DiGuglielmo,* — U.S. —, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that a state post-conviction petition rejected by the state court as untimely is not "properly filed" and is therefore not subject to statutory tolling under § 2244(d)(2)). Because the petition was neither "pending" nor "properly filed," Pitts is not entitled to statutory tolling between June 13, 1996 and September 27, 2000. § 2244(d)(2).

■ Pitts is only entitled to statutory tolling between the filing of his first state habeas petition on May 18, 1996, and the Court of Appeal's denial of that petition on June 13, 1996. This extended his deadline to May 16, 1997. Because Pitts' federal habeas petition was filed on December 20,

1. Because the parties are familiar with the facts, we do not recite them here.

2000, the district court properly dismissed it as untimely.[2]

AFFIRMED.

**2.** We decline to address Pitts' equitable tolling argument, because it was not raised below, see *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001), it was not embraced within the Certificate of Appealability, see *Hiivala v. Wood*, 195 F.3d 1098, 1102–1103 (9th Cir. 1999), and there is insufficient evidence in the record on which to determine whether extraordinary circumstances beyond Pitts' control prevented him from filing on time, see *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); *cf. Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir.1997); *overruled on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).

