**Michael E. SCHINKEL, Petitioner— Appellant,**

v.

**Matthew C. KRAMER, Warden, Respondent—Appellee.**

No. 03–16894.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carolyn M. Wiggin, Esq., FPDCA— Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Janis Shank McLean, Esq., AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

California state prisoner Michael E. Schinkel appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Schinkel contends that because he was denied meaningful access to a law library for much of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitations period, he is entitled to statutory or equitable tolling and, consequently, that the district court erred in dismissing his petition as untimely. We disagree. With respect to statutory tolling, Schinkel has failed to demonstrate a causal connection between his limited library access and his failure to timely file a federal habeas petition. *See Gaston v. Palmer*, 387 F.3d 1004, 1009 (9th Cir. 2004); *see also* 28 U.S.C. § 2244(d)(1)(B) (stating that the 1–year period of limitation runs from date on which the state-created impediment is removed, "if the applicant was prevented from filing by such State action"). As to Schinkel's contention regarding equitable tolling, we conclude that he has failed to establish the existence of extraordinary circumstances or that he was incapable of filing a timely

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

petition. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir.), *cert. denied*, 540 U.S. 974, 124 S.Ct. 449, 157 L.Ed.2d 324 (2003); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). The district court therefore properly found that neither statutory nor equitable tolling is warranted.

■ Schinkel next contends that because the district court failed to give him certain advisements regarding the AEDPA when it dismissed his original § 2254 petition for failure to exhaust, he is entitled to have his petition "relate back" or receive equitable tolling as a remedy. This contention lacks merit because the AEDPA was not enacted until two days *after* the district court signed the order dismissing Schinkel's original petition. Moreover, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2445–46, 159 L.Ed.2d 338 (2004).

The uncertified issue presented by Schinkel in his appellate briefs filed with this court is treated as a motion to expand the certificate of appealability and is denied. *See* 9th Cir. R. 22–1(e).

AFFIRMED.