**Shedrick L. HENRY, Petitioner— Appellant,**

v.

**A. LAMARQUE, Warden, Respondent— Appellee.**

No. 04–16028.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Shedrick L. Henry, Soledad, CA, pro se.

Michael E. Banister, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

## MEMORANDUM **

California state prisoner Shedrick L. Henry appeals the district court's order dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

██ Henry contends that he is entitled to equitable tolling because the district court erred by not informing him of the option of striking his unexhausted claims

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

before it dismissed his original habeas petition without prejudice. Although this court consistently has held that district courts must allow petitioners to amend their mixed petitions to strike their unexhausted claims as an alternative to suffering dismissal, *see Guillory v. Roe,* 329 F.3d 1015, 1017–18 (9th Cir.), *cert. denied,* 540 U.S. 974, 124 S.Ct. 449, 157 L.Ed.2d 324 (2003), we conclude that Henry's lack of diligence in pursuing his claims precludes equitable tolling in this case. *See id.* at 1018 & n. 1 (noting that petitioner must demonstrate diligence in exhausting claims, and stating that "the relevant measure of diligence is how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so").

■ Henry next contends that the merits of his claims should be reached because he is actually innocent. This court has not recognized that actual innocence would permit federal review of an untimely habeas petition. *See, e.g., Majoy v. Roe,* 296 F.3d 770, 775–77 (9th Cir.2002). However, even accepting Henry's contention *arguendo,* he has failed to present newly discovered evidence to show that it is more likely than not that no reasonable juror would have convicted him. *See Schlup v. Delo,* 513 U.S. 298, 326–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

The uncertified issues presented by Henry in his appellate briefs filed with this court are treated as a motion to expand the certificate of appealability and denied. *See* 9th Cir. R. 22–1(e).

We decline to reach arguments Henry raises for the first time in his reply brief. *See Eberle v. City of Anaheim,* 901 F.2d 814, 817–18 (9th Cir.1990).

AFFIRMED.