**Narciso Pax GONZALEZ, Petitioner— Appellant,**

v.

**Dora SCHRIRO, et al., Respondents— Appellees.**

No. 03–15776.

D.C. No. CV–01–00426–JAT.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Narciso Pax Gonzales, Buckeye, AZ, pro se.

Michael D. Gordon, Federal Public Defender's Office, Karla Hotis Delord, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM**

Arizona state prisoner Narcisco Pax Gonzalez appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a § 2254 petition,

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

The certificate of appealability was granted as to whether appellant was entitled to equitable tolling as a result of the district court's previous dismissal of a mixed § 2254 petition without first giving appellant the opportunity to delete the unexhausted claims and proceed with the exhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (holding that a district court must dismiss mixed petitions and give a petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims."). While this Court has granted equitable tolling where a district court makes such an error, *see Tillema v. Long,* 253 F.3d 494, 503 (9th Cir.2001), awards of equitable tolling still require a petitioner to exercise due diligence and that "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *See Guillory v. Roe,* 329 F.3d 1015, 1018 (9th Cir.2003), *quoting Miles,* 187 F.3d at 1107. Because of appellant's significant delay in returning to federal court after his state post-conviction judgment became final, we conclude his lack of diligence prohibits an award of equitable tolling. *See id.*

To the extent that appellant raises uncertified issues in his appeal, we construe it as a motion to broaden the certificate of appealability, and deny the motion. *See* 9th Cir. R. 22–1(e).

**AFFIRMED.**