**Benjamin Andrew PEREZ, Petitioner—Appellant,**

v.

**Ernie ROE, Warden, Respondent— Appellee.**

No. 03–56532.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2006.

Decided July 31, 2006.

Jerry Sies, Los Angeles, CA, for Petitioner–Appellant.

John Yang, Esq., AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

Benjamin Andrew Perez appeals the district court's dismissal as time-barred of his petition for writ of habeas corpus. Perez argues that the district court before which he filed his original petition erred by (1) failing to inform him that it could stay proceedings pending the resolution in state court of his unexhausted claims and (2) dismissing his petition without informing him that, absent cause for equitable tolling, a subsequent petition would be time-barred under the Anti–Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).

In civil cases, a new rule of law applies retroactively if it was applied to the parties in the case in which the rule was announced. *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). Therefore, *Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004), applies retroactively to foreclose Perez's principal assignments of error. *See United States v. Newman,* 203 F.3d 700, 702 (9th Cir.2000) (holding that *Harper* governs in habeas cases because they are "civil rather than criminal in nature").

Assuming, without deciding, that Perez's additional assignments of error are correct, his substantial delays in pursuing his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claim after the erroneous dismissal render him ineligible for equitable tolling of the statute of limitations. *See Guillory v. Roe,* 329 F.3d 1015 (9th Cir.2003).

We decline to expand the certificate of appealability to address Perez's additional argument that he had fully exhausted his claims when he filed his original habeas petition. Even if his contention were correct, Perez would not be entitled either to statutory or to equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(B); *Guillory,* 329 F.3d at 1017–18.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result of this case. However, I disagree that the district court's dismissal of Benjamin Andrew Perez's first habeas petition was improper. In my considered opinion, our case authority that imposes an obligation on district courts to provide habeas petitioners with options does not apply when the petitioner is represented by an attorney. The cases cited in the majority disposition support my view. *See Brambles v. Duncan,* 412 F.3d 1066, 1068 (9th Cir.2005) (describing the petitioner as "the *pro se* Brambles") (emphasis added); *see also Jefferson v. Budge,* 419 F.3d 1013, 1016 (9th Cir.2005) (describing the issue in *Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004), as "whether the District Court erred by dismissing, pursuant to *Rose* [*v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)], a *pro se* habeas petitioner's two habeas petitions without giving him *two particular advisements*") (citation omitted) (emphasis in the original).

I would not extend *Pliler* to include habeas petitioners who are represented by counsel. Accordingly, I would affirm the district court's dismissal of Perez's habeas petition on the basis that the district court had no obligation to advise a counseled petitioner regarding available legal options.