**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS D. ASKINS, | No. 08-56715 |
| Petitioner - Appellant, | D.C. No. 2:01-cv-10752-MMM-AN |
| v. | |
| JAMES D. HARTLEY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted August 29, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Curtis D. Askins appeals from the district court's denial of his § 2254 habeas

petition. Because Askins filed the instant habeas petition more than four years

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

after his conviction became final, it is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1)(A).

Askins is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not file for state collateral relief until long after his AEDPA limitations period expired. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Nor is Askins entitled to equitable tolling. Askins has neither shown an "extraordinary circumstance" that stood in the way of timely filing, *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Ford v. Pliler*, 590 F.3d 782, 788 (9th Cir. 2009), nor that "he has been pursuing his rights diligently," *Holland*, 130 S. Ct. at 2562; *see also Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003).

Finally, Askins' argument that the instant habeas petition relates back to an earlier-filed federal habeas petition is without merit. *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006). We therefore vacate the district court's denial of Askins' petition on the merits and remand with an instruction that the district court enter an order dismissing the petition as time-barred.

**VACATED and REMANDED with INSTRUCTION.**