**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PHILLIP C. SANDERS,<br><br>                Petitioner-Appellant,<br><br>   v.<br><br>JAMES E. TILTON, Warden,<br><br>                Respondent-Appellee. | No. 10-56652<br><br>D.C. No. 2:07-cv-06494-DDP-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, presiding

Submitted April 4, 2012[**]
Pasadena, California

Before:    WARDLAW, Circuit Judge, BERZON, Circuit Judge, and WHYTE,[***] District Judge.

Petitioner Phillip C. Sanders appeals the district court's dismissal of his petition under 28

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   Pursuant to Fed. R. App. Proc. 34(a)(2)(c), the panel unanimously finds this matter appropriate for submission without oral argument.

[***]   The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

U.S.C. § 2254 as untimely. We must determine (1) whether petitioner is entitled to equitable tolling on the ground that he was "abandoned" by his attorney while pursuing a previous habeas petition and (2) whether the district court erred in denying petitioner an evidentiary hearing on the equitable tolling issue.

A district court's dismissal of a federal habeas petition on statute of limitations grounds is reviewed *de novo*, and denial of an evidentiary hearing is reviewed for abuse of discretion. *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citing *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195 (9th Cir. 2005)).

The parties do not dispute that the one-year period which petitioner had to file his federal habeas petition expired in 1997, more than ten years before he filed. *See* 28 U.S.C. § 2244(d)(1)-(2). However, a petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130, 145 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner asserts that extraordinary circumstances existed because an attorney retained to pursue habeas relief on his behalf in the late 1990s committed professional misconduct that resulted in the dismissal of a previous federal habeas petition as "mixed" in 1999, forfeiting several otherwise timely and exhausted claims. Petitioner relies on *Holland v. Florida*, in which the Supreme Court held that an attorney's failure to file a federal habeas petition despite his client's request to do so or respond to his client's letters and phone calls seeking information could "create an extraordinary circumstance that warrants equitable tolling." *Holland*, 130 S. Ct. at 2563; *see also Porter v. Ollison*, 620 F.3d 952, 960 (9th Cir. 2010) (interpreting *Holland* to treat "violations of canons of professional responsibility" as evidence that attorney's conduct

was "extraordinary").

However, *Holland* did not hold that attorney misconduct *alone* could justify equitable tolling where the petitioner himself did not diligently pursue his rights. Indeed, the Court explicitly found that the petitioner's repeated attempts to contact his attorney or have him removed from the case indicated a diligent effort to avoid the running of the statute of limitations. *See Holland*, 130 S. Ct. at 2565. More importantly, the Court noted that the "*very day* that [the petitioner] discovered that his AEDPA clock had expired due to [the attorney's] failings, [the petitioner] prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Id.* *Holland* thus reaffirmed the rule that in addition to demonstrating extraordinary circumstances, a petitioner seeking equitable tolling must show that he has exhibited "reasonable diligence" in pursuing his rights. *See id.* (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).

In contrast to *Holland*, petitioner here asserts that he learned of the district court's dismissal of his initial petition "on or around August 2000," yet did not file the instant petition until October 2007. Such a substantial delay in renewing petitioner's habeas claims in federal court does not reflect reasonable diligence. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (finding that where a district court dismisses a petition as "mixed," the relevant measure of diligence is "how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so"). Petitioner's *pro se* pursuit of other legal remedies between 2000 and 2004–including the filing of two civil suits against his attorney and a habeas claim asserting actual innocence in state court–underscores his lack of diligence because it indicates that petitioner was capable of both evaluating his attorney's performance and filing a habeas petition on his own. *See Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (Sotomayor, J.) ("In the attorney incompetence context, . . . the reasonable diligence inquiry focuses on the

[petitioner's] ability to evaluate the lawyer's performance . . . and his ability to comprehend legal materials and file the petition on his own."). Accordingly, we conclude that petitioner failed to exercise reasonable diligence in filing his untimely petition, and is therefore not entitled to equitable tolling.

Petitioner next argues that the district court erred in failing to hold an evidentiary hearing on the issue of whether he was entitled to equitable tolling. A habeas petitioner "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. LaMarque*, 351 F.3d 919, 919 (9th Cir. 2003)) (emphasis omitted). Thus, in order to merit an evidentiary hearing, a petitioner must first make "sufficient allegations of diligence." *Roy*, 465 F.3d at 969. Given that petitioner concedes that he made no effort to renew his habeas claims in state court until 2004 or federal court until 2007, we find that the district court did not abuse its discretion in determining that petitioner failed to make sufficient allegations of diligence to warrant an evidentiary hearing.

In addition, we deny Sanders's motion to expand the Certificate of Appealability as to his Rule 15(c) "relation back" claim. *See* Fed. R. Civ. P. 15(c). No reasonable jurist could debate whether Sanders's claim that his 2007 petition "relate[d] back," *see Mayle v. Felix*, 545 U.S. 644, 650 (2005), to his 1997 petition "deserve[d] encouragement to proceed further," *see Towery v. Schriro*, 641 F.3d 300, 311 (9th Cir. 2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Even if the 2007 petition could be construed as an amendment of the 1997 petition, the "relation back" doctrine is inapplicable because "a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition." *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

**JUDGMENT AFFIRMED**.