**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMUEL QUINTON BONNER,

                    Petitioner - Appellant,

          v.

TERRI GONZALEZ, Warden,

                    Respondent - Appellee.

No. 10-55237

D.C. No. 8:99-cv-00091-DOC-MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and SEEBORG, District Judge.[**]

          Samuel Quinton Bonner appeals the district court's order dismissing his

petition for a writ of habeas corpus. The district court dismissed his petition as

---

          [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

          [**]    The Honorable Richard Seeborg, District Judge for the U.S. District
Court for the Northern District of California, sitting by designation.

untimely under 28 U.S.C. § 2244(d) after holding that he was not entitled to equitable tolling. We affirm.

Because Bonner had until April 24, 1997 to file a federal habeas petition under § 2244(d), but filed his petition on September 24, 1998, his petition is untimely unless it is tolled pursuant to § 2244(d)(2) (tolling the one-year limitations period for the time in which a properly filed application for post-conviction relief is pending in state court), or under the equitable tolling doctrine. We have previously determined that Bonner is not entitled to statutory tolling. *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Today, we hold that he is not entitled to equitable tolling because he has not pursued his rights with reasonable diligence. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (holding that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)).

Among other delays, Bonner waited to file his first state habeas petition for nearly five years after the California Supreme Court denied his petition for direct review in 1985. He also waited twenty-nine months after the California Supreme Court denied his state habeas petition on August 28, 1991, before filing his first federal habeas petition. Although these delays occurred before AEDPA's

2

enactment, "[h]ad petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem." *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). His failure to do so constituted a lack of reasonable diligence. *See id.*

Moreover, Bonner displayed a lack of diligence in seeking (1) "to exhaust the claims dismissed as unexhausted" by the district court, and (2) in "return[ing] to federal court after doing so." *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (stating that these two factors were "the relevant measure of diligence"). For example, Bonner waited seventeen months after the district court dismissed his first federal habeas petition for having unexhausted claims before returning to state court in August of 1995.[1] This seventeen-month gap is more than double the time it took the petitioner in *Guillory* to return to state court, and there we held that petitioner was not reasonably diligent. *Id.* at 1018. Bonner also failed to quickly return to federal court after exhausting his state claims; he delayed approximately four months, from May 27, 1998 to September 24, 1998, between the date that the California Supreme Court denied his second state habeas petition and the date he

---

[1]The district court's error in dismissing Bonner's first federal habeas petition without advising him that he could strike the unexhausted claims from his petition and proceed on the exhausted claims does not excuse his delay; in such circumstances, a petitioner must still proceed with reasonable diligence in order to merit equitable tolling. *Guillory*, 329 F.3d at 1017–18.

refiled his federal habeas petition.  This delay was far greater than the thirty days that we previously indicated "is sufficient time for a petitioner to return to federal court following final action by the state courts."  *Guillory*, 329 F.3d at 1018 n.1 (quoting *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003)).

**AFFIRMED**.